IN THE COUNTY COURT OF THE 13TH JUDICIAL
CIRCUIT FOR HILLSBOROUGH COUNTY, FLORIDA

| | |
|---|---|
| IASIA OWENS | ) JURY TRIAL DEMANDED |
| Plaintiff, | ) |
| v. | ) Case No. |
| | ) |
| INNOVIS DATA SOLUTIONS, INC. | ) |
| Defendant. | ) |

## COMPLAINT

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Iasia Owens ("Plaintiff"), an individual consumer, against Defendant Innovis Data Solutions, Inc. for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter "FCRA"), stemming from its failure to ensure accurate, complete, and verifiable information on Plaintiff's credit report.

### JURISDICTION AND VENUE

2. Personal jurisdiction exists over Defendant as Defendant has the necessary minimum contacts with the state of Florida. This suit arises directly from Defendant's specific conduct with Plaintiff.

### PARTIES

3. Plaintiff is a natural person residing in Florida.

4. Plaintiff is a *Consumer* as defined by 15 U.S.C. § 1681a(c).

5. Defendant is an Ohio corporation, with a primary business address of 1651 NW Professional Plz, Columbus, OH 43220

6. Defendant is registered to conduct business as a foreign corporation in the State of Florida, where its Registered Agent is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

7. Defendant is a nationwide *Consumer Reporting Agency* ("CRA") within the meaning of 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

### Plaintiff's October 2025, Consumer Disclosure

8. In or about October 2025, Plaintiff requested a copy of her consumer credit disclosure from Defendant.

9. Pursuant to 15 U.S.C. § 1681g(a), upon receiving Plaintiff's request, Defendant was legally required to provide a clear and accurate disclosure of all information in Plaintiff's file as of the date of the request, with the exception that Plaintiff's Social Security number could be truncated upon request.

10. Defendant furnished a paper copy of Plaintiff's Consumer Credit Disclosure dated November 25, 2025 (hereinafter 'the Disclosure') to her via mail.

### Omission of Payment History

20. Defendant's Disclosure further failed to provide Plaintiff with complete and accurate account information. Specifically, Defendant omitted the full account numbers and payment history for multiple accounts, including but not limited to accounts associated with Rocket Mortgage, LLC, Servbank, N.A., USAA Federal Savings Bank *0284, and USAA Federal Savings Bank *8763.

21. The respective furnishers transmitted all the full account numbers, complete account data, and payment histories for these tradelines to Defendant, and such information was maintained

within Defendant's internal consumer file for Plaintiff at the time of the request for Plaintiff disclosure.

22. Despite withholding this information from Plaintiff, Defendant routinely includes full account numbers, complete account data, and payment history when it prepares and sells consumer reports regarding Plaintiff to third-party users.

23. Defendant's ability to furnish complete account information to third parties demonstrates that such information exists within its files and that Defendant is capable of disclosing it in compliance with 15 U.S.C. § 1681g(a).

24. Defendant had a statutory duty to disclose all information contained in Plaintiff's consumer file at the time of her request. By failing to provide the full account numbers, missing account details, and payment histories, Defendant breached that duty and deprived Plaintiff of information necessary to meaningfully review and assess the accuracy of her credit file.

25. Without access to this complete information, Plaintiff was left unable to verify the accounts against Plaintiff's own records, forcing Plaintiff to speculate as to the accuracy and completeness of the information reported.

26. Defendant's failure to disclose full account numbers in the Disclosure to Plaintiff violates 15 U.S.C. § 1681g(a), which requires a consumer reporting agency to clearly and accurately disclose all information in the consumer's file, as recognized in Washington v. Equifax Info., Case No. 3:19-cv-00154 (M.D. Tenn. June 12, 2019). ("The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.")

27. Defendant's failure to report a complete and accurate payment history materially undermines a consumer's creditworthiness. Payment history is one of the most significant factors evaluated by potential creditors when reviewing a consumer report, as it reflects the consumer's past performance, reliability, and risk of default. When payment history is omitted, truncated, or incomplete, a potential creditor is deprived of critical context necessary to fairly assess the consumer's credit behavior, including whether payments were made on time, cured, or brought current.

28. As a result, the consumer is exposed to an increased risk of adverse credit decisions, including higher interest rates, reduced credit limits, or outright denial of credit, not because of actual delinquency, but because the credit report presents an artificially negative or misleading picture of the consumer's financial history.

29. The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. *See, e.g., Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), holding "alleged injury to (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury in and of itself, regardless of whether the plaintiff actually hoped to reside in the defendant's housing complex; therefore "the Art. III requirement of injury in fact [was] satisfied.

30. Furthermore, a 2000 FTC Advisory Opinion (Darcy, June 30, 2000) confirms that a consumer reporting agency's routine truncation of account numbers fails to provide the clear and accurate disclosure of all information in the consumer's file required by 15 U.S.C. § 1681g(a), as evidenced by **Plaintiff's Exhibit A,** attached hereto.

31. Plaintiff suffered a concrete informational injury when Defendant failed to provide a complete disclosure of all information contained in her consumer file, as required by 15 U.S.C. § 1681g. By withholding full account numbers and payment history, Defendant

deprived Plaintiff of information to which she was statutorily entitled and prevented her from meaningfully reviewing the accuracy and completeness of her credit file.

32. As a direct and proximate result of Defendant's incomplete disclosure, Plaintiff experienced confusion, frustration, and emotional distress while attempting to understand her credit report and reconcile it with her own financial records. Defendant's failure to provide a full disclosure forced Plaintiff to speculate about the completeness and accuracy of the information being maintained and potentially furnished to third parties.

## COUNT I

## VIOLATIONS OF THE FCRA

33. The Plaintiff adopts and incorporates paragraphs 1 - 32 as if fully stated herein.

34. Defendant violated 15 U.S.C. § 1681g(a)(1) when responding to Plaintiff's request for her consumer disclosure by failing to clearly and accurately disclose all information in her file at the time of the request. Specifically, Defendant disclosed multiple accounts, including those associated with Rocket Mortgage, LLC, Servbank, N.A., USAA Federal Savings Bank *0284, and USAA Federal Savings Bank *8763 without providing the full account numbers and payment history, despite the fact that the furnishers had transmitted this complete information to Defendant and Defendant regularly includes such information in the consumer reports it sells to third parties. By withholding this information from Plaintiff while possessing and using it in third-party reporting, Defendant failed to provide the full, clear, and accurate disclosure required under §1681g(a)(1).

35. Defendant knowingly provided inaccurate information in Plaintiff's disclosure, as it knew of these issues, which have been identified and disputed by other consumers for years.

36. Defendant is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681n, for the greater of her actual damages and statutory damages of up to $1,000 per violation, plus attorneys' fees and costs.

37. Alternatively, Defendant's conduct was negligent, and Defendant is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681o, for her actual damages, plus attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that this Honorable Court enter judgment against Defendant for:

   a.   Actual damages;

   b.   Statutory damages;

   c.   Punitive damages;

   d.   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and 1681o;

   e.   Such other relief that this Court deems just and proper.


Respectfully submitted by:

/s/Cortney Walters
Cortney Walters, Esq.
Florida Bar No. 125159
pleadings@cewlawoffice.com
The Law Office of Cortney E. Walters, PLLC
2719 Hollywood Blvd., Suite A-1969
Hollywood, FL 33020
Telephone: (954) 874-8022
*Attorneys for Plaintiff*

# EXHIBIT A
## FTC's Opinion Letter



**FEDERAL TRADE COMMISSION**
PROTECTING AMERICA'S CONSUMERS

# Advisory Opinion to Darcy (06-30-00)

June 30, 2000

Denise A. Darcy, Esq.
Asst. General Counsel
TRANS UNION
555 West Adams Street
Chicago, Illinois 60661

Dear Ms. Darcy:

This responds to your letter dated concerning whether the Fair Credit Reporting Act ("FCRA") allows Trans Union or another consumer reporting agency ("CRA"), for security purposes, to "truncate, scramble or mask the account number and social security number" when making file disclosures to consumers. You report that such a procedure has been recommended to you by a consumer who was recently the victim of account takeover fraud by a perpetrator who fraudulently procured the individual's Trans Union file by impersonating the consumer. You state: "While some creditors truncate or scramble the data before they supply it to us, not all do; therefore, many of the account numbers on our file are complete and accurate, and that is what we disclose to the consumer."

Section 609(a)(1) of the FCRA states that CRAs, including major credit bureaus such as Trans Union, "shall, upon request (by a consumer), clearly and accurately disclose to the consumer . . . *All information* in the consumer's file at the time of the request" (emphasis added). If the "information in the consumer's file at the time of the request" includes account and social security numbers, the provision thus normally requires that the CRA "clearly and accurately" include such items in its disclosure to consumers. However, because the trigger for a file disclosure is a "request" by a consumer, a CRA may allow consumers (such as the individual in your letter) to choose truncation or other security measures in their own file disclosure. In other words, although Section 609 provides consumers with a right to *all information* in the file, a CRA may provide a method for the consumer to ask for less than all information and then comply with that "request" when it makes the disclosure.

In sum, it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide "accurate" (and perhaps not "clear") disclosure of "all information" in the file. However, if a consumer's "request" for a file disclosure is framed so as to allow some items in the file to be abbreviated or revised in that fashion, a CRA making such a disclosure would comply with Section 609.

The opinions set forth in this informal staff letter are not binding on the Commission.

Sincerely yours,

Clarke W. Brinckerhoff